Filed 5/20/13  P. v. Martinez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BENJAMIN J. MARTINEZ,<br><br>    Defendant and Appellant. | F063218<br><br>(Super. Ct. No. BF136720B)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Kane, J., and Franson, J.

## FACTS AND PROCEEDINGS

Appellant, Benjamin J. Martinez, was charged in an amended information filed on July 21, 2011, with felony second degree burglary (Pen. Code, § 460, subd. (b), count 1)[1] and one count of resisting arrest, a misdemeanor (§ 148, subd. (a)(1), count 2). The information further alleged three prior prison term enhancements (§ 667.5, subd. (b)).

On July 25, 2011, a jury found appellant guilty of both counts.[2] In a bifurcated proceeding, the trial court found the three prior prison term enhancements to be true. At the sentencing hearing on August 22, 2011, the court sentenced appellant to the upper term of three years on count 1 plus three consecutive one-year terms for each of the prison term enhancements for a total sentence of six years. The court imposed a restitution fine of $200 and granted custody credits of 111 days and conduct credits of 111 days for total custody credits of 222 days. Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On May 4, 2011, James Kephart left his business on Niles Street in Bakersfield at 5:00 p.m. The back of the property was surrounded by a six-foot fence with two locked gates. When Kephart left the property, he locked the doors to the building and the fence gates. At about 9:00 p.m., Kephart met police officers at his business after receiving a call from his alarm company.

---

[1]   All statutory references are to the Penal Code.

[2]   During its deliberations, the jury asked a single question concerning whether burglary was established by entry into the yard of the property or the structure. The trial court replied that burglary occurred by entering the structure. There was no court reporter's transcript of discussions between the prosecutor, defense counsel, and the trial court as to how to answer the jury's question. In a settled statement executed on August 3, 2012, the prosecutor, defense counsel, and the trial court stated that they had an off the record, unrecorded discussion as to how to answer the jury's question.

2

When Kephart arrived at his business, he found a large, freshly cut hole in his chain-link fence. The glass to a sliding glass door into the building had been broken and the door pried open. Officers showed Kephart two chain saws and a boom box that had been removed from the building and were placed in the yard. No one had permission to remove or take the items.

Bakersfield Police Officer Travis Harless responded to the scene of the burglary and formed part of a perimeter of the area. It was dark. Harless heard movement and shined his flashlight on appellant and codefendant, Juan Macias. Appellant and Macias started to run. Harless, who was dressed in his police uniform, yelled at the two, "Stop police."

Harless climbed on a roof and observed the two suspects from there. Appellant climbed onto an air-conditioning unit, placed his hands on the roof, and got onto the roof. When appellant saw Harless, he jumped back to the air-conditioning unit. Appellant went into a crouching position next to the air-conditioning unit and removed white socks from his hands. Harless jumped from the roof and detained appellant.

Appellant was read, and waived, his *Miranda*[3] rights. Appellant told Officer Perkins he was at the business to get couches. Appellant did not know how he entered the yard.

Codefendant Macias testified that he went alone to the property, entering the property through a large hole in the fence. A garage door was open and Macias removed two chainsaws and a radio. He also saw some refrigerators. Macias went to get someone to help with the refrigerators and found appellant in the alley.

Macias told appellant he would pay appellant money from the sale of the refrigerators if he helpled. Appellant said he would help, but had to first do some chores.

---

[3]     *Miranda v. Arizona* (1966) 384 U.S. 436.

3

The two men returned later about 9:00 p.m. that evening but had no tools with them. They were at the business about 10 or 15 minutes looking for a dolly to move the refrigerators before the police arrived.

Appellant testified that he met Macias in the alley near the business around 5:00 p.m. Macias asked appellant to help him move a couch and a couple of refrigerators. Appellant told Macias he had something to do at home. Appellant returned to the property around 9:00 p.m. and entered through a hole that had been cut in the fence. When officers arrived, appellant ran from them because he had been assaulted by Bakersfield police officers in the past.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on August 22, 2012, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.